IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Christopher Lane,                         )      C/A No. 0:11-3278-RBH-PJG
                                          )
                    Plaintiff,            )
                                          )
v.                                        )      **REPORT AND RECOMMENDATION**
                                          )
Dennis Patterson, *DDO*; Wayne McCabe,    )
*Warden*; Travis Guess, *Seargeant*,      )
                                          )
                    Defendants.           )
_____     )

Plaintiff Christopher Lane ("Lane"), a self-represented state prisoner, filed this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motion for summary judgment. (ECF No. 21.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Lane of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motion. (ECF No. 23.) Lane filed a response in opposition (ECF No. 31), the defendants replied ECF No. 32), and Lane filed a sur-reply (ECF No. 33). Having carefully considered the parties' submissions and the applicable law, the court concludes that the defendants' motion should be granted.

**BACKGROUND**

The following facts are either undisputed or are taken in the light most favorable to the non-moving party, to the extent they are supported by the record. This matter arises out of an incident that occurred on the morning of January 27, 2011, in which Lane alleges that he was subjected to

unconstitutionally excessive force by Defendant Travis Guess, a Sergeant at the Lieber Correctional Institution ("Lieber"). Lane, who was housed in the Special Management Unit ("SMU"), asserts in his Complaint that, earlier in the morning, he had received his medication and his breakfast tray and had then fallen asleep on his bed. He alleges that, when the officers came to collect the breakfast trays, he did not hear the officers approach his cell or address him, but was instead awakened when Defendant Guess sprayed him in the face with chemical munitions. Lane then returned his food tray to Guess.

In support of their motion for summary judgment, the defendants have submitted affidavit testimony from Associate Warden Fred Thompson and Major Thierry Nettles, who both outline the security procedures used in SMU when an inmate is unresponsive. (See generally Thompson Aff., ECF No. 21-2; Nettles Aff., ECF No. 21-3.) Nettles avers that inmates in SMU receive their meals in their cells and that, due to security concerns, the food trays are passed through an opening in the door of the inmate's cell. (Nettles Aff. ¶ 9, ECF No. 21-3 at 1.) Both Thompson and Nettles swear that the procedure at Lieber for an unresponsive inmate is as follows: the officer must first attempt to get the inmate's attention by using verbal commands and, if the inmate continues to be unresponsive, the officer is then to administer a burst of chemical munitions through the opening in the cell door. (Thompson Aff. ¶¶ 6-7, ECF No. 21-2 at 1; Nettles Aff. ¶¶ 11-12, ECF No. 21-3 at 1-2.) According to Thompson, this procedure is necessary to ensure the safety of the officers and nurses, for an unresponsive inmate may require medical attention, but an officer outside of the inmate's cell is not able to determine if an inmate is truly unresponsive or unconscious or is intentionally failing to follow orders. (Thompson Aff. ¶¶ 8-10, ECF No. 21-2 at 1.) Nettles avers

that, as stated in the incident report, Defendant Guess[1] approached Lane's cell, noticed that he appeared unresponsive, and gave a verbal directive to Lane to return his food tray, to which Lane did not respond.  (Nettles Aff. ¶¶ 17-19, ECF No. 21-3 at 2.)  Nettles further avers that Guess administered one short burst of chemical munitions into Lane's cell through the opening in the door.  (Id. ¶ 20.)  Lane then became responsive and returned his food tray.  (Id. ¶ 21.)

<strong>DISCUSSION</strong>

**A.    Summary Judgment Standard**

Summary judgment is appropriate only if the moving party "shows that there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  A party may support or refute that a material fact is not disputed by "citing to particular parts of materials in the record" or by "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact."  Fed. R. Civ. P. 56(c)(1).  Rule 56 mandates entry of summary judgment "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case."  Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

In deciding whether there is a genuine issue of material fact, the evidence of the non-moving party is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).  However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the

---

[1] According to Nettles, Guess is currently deployed on active military duty.  (Nettles Aff. ¶ 7, ECF No. 21-3 at 1.)



entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

The moving party has the burden of proving that summary judgment is appropriate. Once the moving party makes this showing, however, the opposing party may not rest upon mere allegations or denials, but rather must, by affidavits or other means permitted by the Rule, set forth specific facts showing that there is a genuine issue for trial. See Fed. R. Civ. P. 56(c), (e); Celotex Corp., 477 U.S. at 322. Further, while the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case, see, e.g., Cruz v. Beto, 405 U.S. 319 (1972), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**B.     Defendants' Motion for Summary Judgment**

**1.     Eighth Amendment Claims**

**a.     Excessive Force**

The Eighth Amendment to the United States Constitution expressly prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The " 'core judicial inquiry' " in an excessive force claim under the Eighth Amendment is " 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.' " Wilkins v. Gaddy, 130 S. Ct. 1175, 1178 (2010) (quoting Hudson v. McMillian, 503 U.S. 1, 7 (1992)). "[N]ot . . . every malevolent touch by a prison guard gives rise to a federal cause of action." Hudson, 503 U.S. at 9. However, " '[w]hen prison officials maliciously and sadistically use force to cause harm,'



. . . 'contemporary standards of decency always are violated . . . whether or not significant injury is evident. Otherwise, the Eighth Amendment would permit any physical punishment, no matter how diabolic or inhuman, inflicting less than some arbitrary quantity of injury.' " Wilkins, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9).

When analyzing excessive force claims, courts should consider factors such as (1) the necessity for the application of force; (2) the relationship between the need for force and the amount of force used; (3) the extent of the injury actually inflicted; (4) the extent of the threat to the safety of the staff and prisoners, as reasonably perceived by the responsible officials on the basis of the facts known to them; and (5) the efforts taken by the officials, if any, to temper the severity of the force applied. Whitley v. Albers, 475 U.S. 312, 321 (1986). Courts must give "wide-ranging deference" to the execution of policies and practices that in the judgment of the prison officials are necessary "to preserve internal order and discipline and to maintain institutional security." Id. at 321-22. The Supreme Court has recognized that prison officials work in an environment where there is an ever present potential for violence and unrest, and that courts should not substitute their judgment for that of the officials who must make a choice at the moment when the application of force is needed. Id. The deference owed to prison administrators extends to "prophylactic or preventive measures intended to reduce the incidence of . . . breaches of prison discipline." Id. at 322.

The United States Court of Appeals for the Fourth Circuit has specifically addressed the use of chemical munitions in a prison setting. In Bailey v. Turner, 736 F.2d 963, 969 (4th Cir. 1984), the Fourth Circuit held that as long as the quantity of mace used is commensurate with the gravity of the occasion, its use does not violate the Constitution. Specifically, the Bailey Court held that



prison officials may use mace to compel the obedience of a recalcitrant prisoner. Id. at 969-70.  The

Bailey Court found that the Eighth Amendment afforded prison officials the discretion to use mace

on inmates to compel them to abide by prison rules, even if they did not pose an immediate physical

threat.  Id.  Furthermore, the Fourth Circuit has stated that "[a] limited application of mace may be

much more humane and effective than a flesh to flesh confrontation with an inmate" and "because

a limited use of mace constitutes a relatively mild response compared to other forms of force, the

initial application of mace indicates a tempered response by the prison officials."  Williams v.

Benjamin, 77 F.3d 756, 763 (4th Cir. 1996) (internal quotations marks & citation omitted).

Applying the Whitley factors to the facts viewed in the light most favorable to Lane, it

appears that the amount of force used was not constitutionally excessive.  While Lane vehemently

disputes that he was a threat, it is undisputed that Lane failed to respond to a verbal directive before

the chemical munitions were deployed.  Further, Lane has failed to allege or produce any evidence

showing any discernible injury from Defendant Guess's use of chemical munitions.  Even viewing

the facts that are disputed in the light most favorable to Lane, no reasonable jury could find that

Guess's use of mace was not a good faith effort to maintain prison discipline when faced with a

disobedient prisoner but rather was used maliciously and sadistically to cause physical harm.[2]  See

Wilkins, 130 S. Ct. at 1178; see also Bailey, 736 F.2d 963, 969-70; Benjamin, 77 F.3d at 763.

---

[2] To the extent that Lane alleges that the defendants violated his constitutional rights by
failing to follow a South Carolina Department of Corrections policy with regard to this incident, such
an argument is unavailing.  See Keeler v. Pea, 782 F. Supp. 42, 44 (D.S.C.1992) (indicating that
violations of prison policies which fail to rise to the level of violating a constitutional right are not
actionable under § 1983); Johnson v. S.C. Dep't of Corrections, No. 06-2062, 2007 WL 904826, at
*12 (D.S.C. Mar. 21, 2007) ("Plaintiff's allegation that Defendants did not follow their own policies
fails, as the failure of prison officials to follow their own policies or procedures, standing alone, does
not amount to a constitutional violation.").



Therefore, the defendants' motion for summary judgment must be granted regarding Guess's excessive force claim.

### b. Cruel and Unusual Punishment

In his response in opposition to the defendants' motion, Lane appears to raise for the first time claims alleging that Guess turned off the water to his cell after the above-described incident and that Lane was denied the opportunity to shower for approximately two days after the chemical munitions were deployed. However, as argued by the defendants in their reply brief, these claims were not alleged in Lane's Complaint. Moreover, although Lane filed a sur-reply, he has made no showing of good cause for his failure to file timely a proper motion to amend his Complaint to include these allegations. Accordingly, such claims are not properly before the court. See, e.g., Bridgeport Music, Inc. v. WM Music Corp., 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); White v. Roche Biomedical Labs., Inc., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

### 2. Defendants Patterson and McCabe

Defendants Patterson and McCabe, the Division Director of Operations and the Warden, respectively, are entitled to judgment as a matter of law for the additional reason that Lane raises no allegations that either of these defendants personally participated in any way in the alleged violations of his constitutional rights. The doctrine of respondeat superior cannot support liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. See Trulock v. Freeh, 275 F.3d 391, 402 (4th Cir. 2001). "Because



vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Mere knowledge is not sufficient to establish personal participation. Id. As the Iqbal Court observed, because masters do not answer for the torts of their servants in § 1983 cases, "the term 'supervisory liability' is a misnomer." Id. at 677. Indeed, the dissent in Iqbal opined that "[l]est there be any mistake, in these words the majority is not narrowing the scope of supervisory liability; it is eliminating [ ] supervisory liability entirely." Id. at 693 (Souter, J., dissenting). Moreover, even if the majority in Iqbal did not entirely dispense with the concept of liability of a supervisor in a § 1983 case, the instant Complaint fails entirely to plead facts sufficient to go forward on such a theory based on Fourth Circuit precedent. See Carter v. Morris, 164 F.3d 215, 221 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir. 1994) (outlining the requirements to hold a supervisor liable for constitutional injuries inflicted by their subordinates).

## RECOMMENDATION

For the foregoing reasons, the court recommends that the defendants' motion for summary judgment be granted. (ECF No. 21.)

December 3, 2012
Columbia, South Carolina

Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

*The parties' attention is directed to the important notice on the next page.*

Page 8 of 9

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).