IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Christopher Lane, ) | Civil Action No.: 0:11-cv-03278-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | **ORDER** |
| Dennis Patterson, DDO; Wayne McCabe, ) | |
| Warden; Travis Guess, Seargeant, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

Plaintiff Christopher Lane ("Plaintiff"), a self-represented inmate housed with the South Carolina Department of Corrections in a Special Management Unit, brings this action pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint alleges that on the morning of January 27, 2011, he was subjected to unconstitutionally excessive force by Officer Guess, a Defendant in this case.[1]

This matter is before the Court after the issuance of a Report and Recommendation ("R&R") of United States Magistrate Judge Paige J. Gossett[2] [R&R, Doc. # 38.] In the R&R, the magistrate recommends that the Court grant Defendants' Motion for Summary Judgment [Doc. # 21]. For the reasons discussed herein, the Court adopts the magistrate's R&R.

**Standard of Review**

The magistrate judge makes only a recommendation to the district court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the district court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The district court

---

[1] The facts of this case are discussed more thoroughly in the magistrate's Summary Judgment R&R. [*See* R&R, Doc. # 38, at 1–3.]

[2] In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Gossett for pretrial handling.

is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The district court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the district court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The district court reviews only for clear error in the absence of a specific objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

## **Discussion**

Rather than state specific objections to the R&R, Plaintiff appears to rehash his initial arguments before the magistrate *See* Fed. R. Civ. P. 72(b); *Wright v. Collins*, 766 F.2d 841, 845-47 nn.1-3 (4th Cir. 1985)*; United States v. Schronce*, 727 F.2d 91, 94 n.4 (4th Cir. 1984); *see also Weber v. Aiken-Partain*, No. 8:11–cv–02423, 2012 WL 489148, at *2 (D.S.C. Feb. 15, 2012) (noting that objections that merely rehash arguments raised before, and addressed by, the magistrate are insufficient to direct the court to a specific error in the magistrate's proposed findings and recommendations); *Harrison v. Brown*, No. 3:10–cv–2642, 2012 WL 243212, at *1 (D.S.C. Jan. 24, 2012) (same); *Malik v. Sligh*, No. 2:11–cv–01064–RBH, 2011 WL 6817750, at *2 (D.S.C. Dec. 28, 2011) (same). To the extent Plaintiff's arguments constitute specific objections the Court has reviewed the R&R *de novo* and agrees with the magistrate's findings. Nonetheless, out of an

abundance of caution the Court will briefly address the objections lodged by Plaintiff.

First, Plaintiff argues that the magistrate erred regarding Plaintiff's claim of excessive force, wherein Officer Guess used chemical munitions when Plaintiff failed to respond to an order. As he did before the magistrate, Plaintiff claims he did not respond to Officer Guess command to return his tray because he was asleep. As the magistrate explained after applying the governing legal framework, the Fourth Circuit has stated that "[a] limited application of mace may be much more humane and effective than a flesh to flesh confrontation with an inmate" and "because a limited use of mace constitutes a relatively mild response compared to other forms of force, the initial application of mace indicates a tempered response by the prison officials." *Williams v. Benjamin,* 77 F.3d 756, 763 (4th Cir. 1996) (internal quotations marks and citation omitted). Plaintiff does not object to the magistrate's finding that while he vehemently disputes that he was a threat, it is undisputed that Plaintiff failed to respond to a verbal directive before the chemical munitions were deployed. Further, Plaintiff lodges no objection to the magistrate's finding that he "has failed to allege or produce any evidence showing any discernible injury from Defendant Guess's use of chemical munitions." [*See* R&R, Doc. # 38, at 6.] Thus, as the magistrate correctly held, the alleged use of force was not constitutionally excessive.

Second, Plaintiff objects to the magistrate's finding that Plaintiff's claim regarding cruel and unusual punishment are subject to dismissal because this claim was raised for the first time in response to Defendant's Motion for Summary Judgment. In his objections, Plaintiff claims that he did raise this claim in his Complaint. However, this is simply incorrect. The Court has reviewed the Complaint and agrees with the magistrate that Plaintiff never included the claim in his Complaint, and that Plaintiff has made no showing of good cause for his failure to file timely a proper motion

3

to amend his Complaint to include these allegations. Accordingly, such claims are not properly before the court. *See, e.g.*, *Bridgeport Music, Inc. v. WM Music Corp.*, 508 F.3d 394, 400 (6th Cir. 2007) (holding that a party may not expand its claims to assert new theories in response to summary judgment); *White v. Roche Biomedical Labs., Inc*., 807 F. Supp. 1212, 1216 (D.S.C. 1992) (noting that "a party is generally not permitted to raise a new claim in response to a motion for summary judgment").

Third, Plaintiff objects to the magistrate's finding that Defendants Patterson and McCabe, the Division Director of Operations and the Warden, respectively, are entitled to judgment as a matter of law for the additional reason that Plaintiff raises no allegations that either of these Defendants personally participated in any way in the alleged violations of his constitutional rights. Again, for the reasons stated herein and by the magistrate, summary judgment is appropriate in Defendants' favor on the merits. Moreover, Plaintiff fails to take issue with the magistrate's correct statement of the law that the doctrine of respondeat superior cannot support liability under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691-94 (1978). The law is clear that personal participation of a defendant is a necessary element of a § 1983 claim against a government official in his individual capacity. *See Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001). The Court overrules Plaintiff's objection.

## **Conclusion**

The Court has thoroughly analyzed the entire record, including the relevant filings, R&R, objections to the R&R, and applicable law. The Court has further conducted the required review of all of Plaintiff's objections and finds them without merit. For the reasons stated above and by the magistrate, the Court hereby overrules all of Plaintiff's objections and adopts the magistrate's R&R

[Doc. # 38].

**IT IS THEREFORE ORDERED** that Defendants' Motion for Summary Judgment [Doc. # 21] is **GRANTED**, and this case is **DISMISSED**, *with prejudice,* in its entirety.

**IT IS SO ORDERED**.

                                                s/ R. Bryan Harwell
                                                R. Bryan Harwell
                                                United States District Judge

Florence, South Carolina
March 22, 2013